HOAG (SAWYER v.).    See Case No. 12,400.

---

# Case No. 6,545.

## In re HOAGLAND.

[18 N. B. R. 530.] [1]

District Court, S. D. New York. Aug. 16, 1878.

BANKRUPTCY — LIEN FOR RENT ON GOODS SEIZED BY MARSHAL—CLAIM FOR USE AND OCCUPATION.

1. A claim of the landlord for rent, for which, by the laws of the state, he had a lien on goods which have been seized by the marshal, is a preferred claim so far as the proceeds of such goods will go.

2. A claim by a landlord for use and occupation of premises by the marshal, for keeping and storing the goods, and costs on reference to adjust the amount of claim, are costs of administration, to be paid in full if the assets are sufficient; if not, to be paid pro rata with all other expenses of administration of the same class.

3. Costs of a claimant upon a reference to have the claim declared and enforced are to be paid out of the balance remaining after payment of all the expenses of administration.

4. The assignee cannot pay a claim for use and occupation of premises without an order of the court, and without ascertaining whether the

1 [Reprinted by permission.]

assets are sufficient to discharge all the expenses of administration of the same class.

[In the matter of Charles D. Hoagland, a bankrupt.]

F. M. Scott, for petitioner.
E. H. Lewis, for assignee.
Mr. ———, for marshal.

CHOATE, District Judge. The bankrupt having a stock of goods upon premises in New Jersey, on which there was a lien by the laws of New Jersey for the rent of the premises, the goods were taken by the marshal and sold, bringing five hundred and fifty-eight dollars and thirty-five cents. The marshal also sold other goods belonging to the bankrupt, the proceeds of which were four hundred and eighty-four dollars and thirty-four cents. He paid over to the assignee after his appointment these two sums, less his bill for fees and expenses, amounting to four hundred and four dollars and fifty-nine cents, as adjusted by the register, and the sum of two hundred dollars, retained on the ground that he was liable to be sued by the New Jersey landlord for taking the goods from his premises without discharging the lien for rent. The amount actually paid over to the assignee was four hundred and thirty-eight dollars and ten cents. Upon the application of the New Jersey landlord, her claim for rent down to the commencement of bankruptcy proceedings has been adjusted at two hundred and twenty-five dollars, and her costs upon the reference, amounting to fifty-eight dollars and fifteen cents, were ordered to be paid her. The same landlord also has a claim for use and occupation of the premises by the marshal after commencement of the bankruptcy proceedings, which has been adjusted at one hundred and twelve dollars. The assignee has also paid to his counsel one hundred and twenty-five dollars. This payment is allowed by the register in his report, and it is not now contradicted.

As to the costs of the New Jersey landlord upon this reference, stated in the report to be thirty-eight dollars and fifty cents, it seems doubtful if there are assets enough to pay them. The costs of this reference, to have her claim declared and enforced, should be paid to her, provided there are assets enough after payment of all the costs and expenses of administration. But if the assets are not sufficient for this purpose, I see no propriety in allowing her costs. I see no occasion to allow counsel fees to the marshal, and I do not think there are any funds properly applicable to such a purpose. Let an order be entered directing the payment of the two hundred and twenty-five dollars to the petitioner Thayer, and charging claim of the assignee with one hundred and fifty dollars, paid for use and occupation by the marshal, saving his right to apply to the court for an order adjusting the amount that was due, if any, and for the allowance of such part of

the sum actually due therefor, as shall be shown to have been properly paid by him to the party duly entitled to the same, ratably with other similar costs of administration, if any. Let it also be referred to the register to take proof of all sums due for the costs and expenses of administration, and upon the coming in of the report that any of the parties be at liberty to apply for further relief.